# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, SUCCESSOR BY MERGER TO WILSHIRE CREDIT CORPORATION, ON BEHALF OF WILSHIRE MORTGAGE LOAN TRUST 1997-2, Appellant, vs. LAS VEGAS RENTAL AND REPAIR, LLC, SERIES 59, A NEVADA LIMITED LIABILITY COMPANY, Respondent. | No. 69988 <br><br>  FILED <br> SEP 14 2018 <br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY _____ <br> DEPUTY CLERK |
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING LP, SUCCESSOR BY MERGER TO WILSHIRE CREDIT CORPORATION, ON BEHALF OF THE WILSHIRE MORTGAGE LOAN TRUST 1997-2, Appellant, vs. LAS VEGAS RENTAL AND REPAIR, LLC, SERIES 59, A NEVADA LIMITED LIABILITY COMPANY, Respondent. | No. 70254 |

## ORDER OF AFFIRMANCE

These are consolidated appeals from a district court order granting summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

SUPREME COURT
OF
NEVADA

(O) 1947A

18-35951

Having considered the parties' arguments and the record, we conclude that the district court correctly granted summary judgment for respondent.[1] *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment). In particular, we agree with the district court's determination that the October 2012 letter offering to pay the superpriority lien amount, once that amount was determined, was insufficient to constitute a valid tender.[2] *See Southfork Invs. Grp., Inc. v. Williams*, 706 So. 2d 75, 79 (Fla. Dist. Ct. App. 1998) ("To make an effective tender, the debtor must actually attempt to pay the sums due; mere offers to pay, or declarations that the

---

[1] Appellant Bank of America challenges the relevant provisions in NRS Chapter 116, arguing that federal mortgage insurance programs preempt the statutory scheme and that the statutory scheme violates its due process rights. This court's decisions in *Renfroe v. Lakeview Loan Servicing, LLC*, 133 Nev., Adv. Op. 50, 398 P.3d 904 (2017) (rejecting preemption argument), and *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017) (rejecting due process challenge), foreclose those challenges.

[2] Neither *Ebert v. Western States Refining Co.*, 75 Nev. 217, 337 P.2d 1075 (1959), nor *Cladianos v. Friedhoff*, 69 Nev. 41, 240 P.2d 208 (1952), support Bank of America's position. Those cases addressed when a party's performance of a contractual condition could be excused by virtue of the other contracting party having already breached the contract. *Ebert*, 75 Nev. at 222, 337 P.3d at 1077; *Cladianos*, 69 Nev. at 45-47, 240 P.2d at 210-11. Here, no contractual relationship existed between Bank of America and the HOA or the HOA's agent, nor did the HOA or the HOA's agent indicate to Bank of America before the 2012 letter that any future tender would be rejected.

debtor is willing to pay, are not enough."); *Cochran v. Griffith Energy Serv., Inc.*, 993 A.2d 153, 166 (Md. Ct. Spec. App. 2010) ("A tender is an offer to perform a condition or obligation, coupled with the present ability of immediate performance, so that if it were not for the refusal of cooperation by the party to whom tender is made, the condition or obligation would be immediately satisfied." (internal quotation marks omitted)); *Graff v. Burnett*, 414 N.W.2d 271, 276 (Neb. 1987) ("To determine whether a proper tender of payment has been made, we have stated that a tender is more than a mere offer to pay. A tender of payment is an offer to perform, coupled with the present ability of immediate performance, which, were it not for the refusal of cooperation by the party to whom tender is made, would immediately satisfy the condition or obligation for which the tender is made."); *McDowell Welding & Pipefitting, Inc. v. Unites States Gypsum Co.*, 320 P.3d 579, 585 (Or. Ct. App. 2014) ("In order to serve the same function as the production of money, a written offer of payment must communicate a present offer of timely payment. The prospect that payment might occur at some point in the future is not sufficient for a court to conclude that there has been a tender . . . ." (internal quotations, citations, and alterations omitted)); *cf.* 74 Am. Jur. 2d Tender § 1 (2018) (recognizing the general rule that an offer to pay without actual payment is not a valid tender); 86 C.J.S. Tender § 24 (2018) (same).

Additionally, the district court correctly determined that the low purchase price at the foreclosure sale, in and of itself, did not warrant setting aside the sale. *Nationstar Mortg. v. Saticoy Bay LLC Series 2227*

*Shadow Canyon*, 133 Nev., Adv. Op. 91, 406 P.3d 641, 647-49 (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale). Although appellant suggests in its opening briefs that the HOA's agent acted in "bad faith" by not responding to appellant's 2012 payoff request, appellant provides no explanation regarding what the HOA's agent's motive was in not responding,[3] and it would be purely speculative to conclude that the failure to respond amounted to fraud, unfairness, or oppression for purposes of invalidating the sale.[4] *See id.* Accordingly, the district court properly granted summary judgment for respondent. *Id.*; *Wood*, 121 Nev. at 729, 121 P.3d at 1029 (recognizing that summary judgment is proper when there are no genuine issues of material fact).

---

[3]Rock Jung's affidavit indicates the HOA's agent was concerned with violating the Fair Debt Collection Practices Act. Mr. Jung's affidavit also indicates Bank of America knew the HOA's agent would not be providing a payoff ledger. Faced with this information, it is unclear why Bank of America could not have simply asked the HOA's agent what the HOA's monthly assessments were or asked the former homeowner that same question.

[4]Similarly, we disagree with Bank of America's suggestion that the foreclosure notices' failure to delineate the superpriority portion of the HOA's lien amounted to a due process violation. *Cf. SFR Invs. Pool 1, LLC v. U.S. Bank, N.A*, 130 Nev. 742, 757, 334 P.3d 408, 418 (2014) (observing why it was "appropriate" for the notices not to do so and explaining the various actions a deed of trust beneficiary could take to protect its security interest).

We also conclude that the district court's refusal to consider the proffered evidence from Deanne Dunn's deposition does not warrant reversal. Bank of America contends that Ms. Dunn's testimony showed that (1) the notice of default indicated the former homeowner was delinquent in his monthly assessments since May 2010 when he was actually delinquent since August 2010, (2) Bank of America was not mailed the notice of delinquent assessment in violation of the HOA's CC&Rs, and (3) Ms. Dunn "admitted that there was no reason for its trustee NAS to refuse to disclose the super-priority amount or accept the offer of full payment from Bank of America's counsel." However, we are not persuaded that this evidence could justify setting aside the sale. First, the fact that the notice of default misstated the date when the former homeowner became delinquent does not change the fact that he was delinquent for over 9 months of assessments at the time the August 2012 notice of delinquent assessment was issued, meaning the HOA undisputedly foreclosed on the superpriority portion of its lien. *See Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 133 Nev., Adv. Op. 3, 388 P.3d 226, 231 (2017) (recognizing under the pre-2015 version of NRS 116.3116 that serving a notice of delinquent assessment constitutes institution of an action to enforce the lien). Second, and even assuming the HOA violated its CC&Rs by not mailing Bank of America the notice of delinquent assessment, the HOA was not statutorily required to do so, *see* NRS 116.31162, and more importantly, Bank of America has not demonstrated how it was prejudiced by not being mailed the notice of delinquent assessment. Finally, Ms. Dunn's testimony contains no such admission, as she simply stated she was unaware why the HOA's agent did not provide Bank of America with

SUPREME COURT
OF
NEVADA

(O) 1947A

information regarding the delinquent account. As explained previously, Mr. Jung attested that he was aware of why the HOA's agent did not respond to the October 2012 letter, and Bank of America had other options to determine the superpriority lien amount. Accordingly, we are not persuaded that Ms. Dunn's deposition testimony would have created a genuine issue of material fact so as to make summary judgment improper. *Wood*, 121 Nev. at 729, 121 P.3d at 1029. We therefore

ORDER the judgment of the district court AFFIRMED.

_____ Cherry _____ , J.
Cherry

_____ , J.
Parraguirre

_____ , J.
Stiglich

cc:     Hon. Joanna Kishner, District Judge
        Akerman LLP/Las Vegas
        Clark Newberry Law Firm
        Eighth District Court Clerk